# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JOHN ENRICO BOSTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:07CV00896 ERW ) |
| DAWN UNKNOWN, | ) ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of John Enrico Boston for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Also before the Court is defendants' joint motion to dismiss [doc. #10]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 ( 2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court

must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**[1]

Plaintiff seeks damages against defendants Dawn (last name unknown); Sabrina (last name unknown); and Mike Sheppard. Liberally construing the complaint, plaintiff claims that the defendants violated his first amendment right to freely exercise his religion and slandered him when they told him that they would not renew his membership at the St. Louis Fitness Club ("Club"). Specifically, plaintiff alleges that his religious views were the basis for not renewing his Club membership and that allegedly false statements made by the defendants concerning plaintiff's mental health and the reasons for not renewing his membership were defamatory in nature.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The First Amendment prohibits both the federal government and the states (through its incorporation into the Fourteenth Amendment) from violating the free exercise of religion. As such, the First Amendment provides a shield only against government conduct - not conduct by private persons. See Federer v. Gephardt, 363 F.3d 754, 759-60 (8th Cir. 2004). Because defendants are not government actors and there is no indication that the defendants acted on behalf of either the state or federal government, plaintiff's claim that his First Amendment rights were violated must be dismissed.

---

[1] For purposes of this review, the complaint consists of both the original complaint [Doc. #1] and the amended complaint [Doc. #4].

Although plaintiff's First Amendment claim requires government conduct, a claim of religious discrimination under 42 U.S.C. § 2000a does not. Title 42 U.S.C. § 2000a provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the foods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." Assuming, for the sake of argument, that the Club is a "place of public accommodation," however, a religious discrimination claim under § 2000a must still be dismissed because plaintiff's only remedy would be for preventive relief - not, as plaintiff seeks, monetary damages. See 42 U.S.C. § 2000a-3. Additionally, even a liberal reading of the complaint fails to indicate that plaintiff's Club membership was not renewed because of his religious beliefs or his religious practices. Indeed, there's no indication of the nature of plaintiff's religious beliefs (e.g. Christian, Atheist, Muslim, etc.) in the complaint at all. Instead, plaintiff admits that the religious debates between himself, Club staff, and other Club members became "heated." Standing alone, disruptive debate in the Club does not become unlawful religious discrimination merely because the subject of the debate is religion. Because plaintiff appears to seek only damages and the complaint fails to allege facts indicating that plaintiff's religious beliefs or practices were the cause of the non-renewal of his Club membership, the complaint fails to state a claim under § 2000a. Finally, the Court declines to exercise supplemental jurisdiction over plaintiff's state law slander claim. 28 U.S.C. § 1367(c)(3).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon

which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that defendants' joint motion to dismiss [doc. #10] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

So Ordered this 13th Day of September, 2007.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**